**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0341n.06

Case No. 18-2098

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Jul 05, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| EUGENE HERRON, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | **OPINION** |

BEFORE: GILMAN, STRANCH, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge. Eugene Herron appeals his 24-month sentence for violating the terms of his supervised release. He objects to the district court's decision to run his sentence consecutively with a three-year term he was already serving in state prison. We affirm.

Less than a month after being released from a 70-month sentence for drug trafficking, Herron picked up where he left off. He started using cocaine, and the police caught him in his car with controlled substances—including cocaine base, heroin, and methamphetamine. His probation officer asked the district court to revoke his supervised release. Herron admitted to the charges and accepted the Guidelines range of 24 to 30 months' imprisonment. But he asked the court to run the sentence concurrently with his sentence in state court. Both punishments were for the same criminal activity.

The district court rejected his request. After reviewing the relevant statutory factors, the court decided to impose "a sentence at the low end of the advisory guideline range consecutive to

the state term." Sentencing Hr'g Tr. at 21, R. 67, PageID 258. In doing so, the court emphasized that it must consider not only the drug trafficking, but also "the violation of [the court's] trust that Mr. Herron exhibited" by breaking the law "while he was on supervised release." *Id*. That decision, Herron argues, was unreasonable.

A sentence is substantively unreasonable when the court selects it arbitrarily, bases it on impermissible factors, or fails to balance and weigh the factors appropriately. *United States v. Smith*, 881 F.3d 954, 960 (6th Cir. 2018). Our review on this issue is limited. We consider only whether the district court abused its discretion in selecting a sentence. *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). And so long as the district court makes clear its rationale for running a sentence consecutively, we will not substitute our own judgment for the reasonable decision of the court below. *See United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009).

Herron argues that the district court "failed to consider the nature of the consecutive sentence" in this case, which caused it to effectively double the punishment for a single crime. Appellant Br. at 6. Both sentences arise from the same drug-trafficking activity. So by running the sentences consecutively, he argues, the court turned a two- or three-year sentence into five years. That's unreasonable, he says—particularly given what he perceives as a changing tide on how we view our dual system of criminal justice.

Contrary to Herron's argument, the district court *did* consider the nature of the consecutive sentence before making its decision. It discussed how long he would serve in state court, *see* R. 67 at PageID 257, and then explained that the federal sentence must address more than his drug trafficking because Herron violated the court's trust when he broke the terms of his supervised release. *Id*. at PageID 258. That's a reasonable explanation for running the sentence consecutively. Herron violated his supervised release almost immediately, and the court did not want his state

sentence to swallow his punishment for breaking the district court's trust. We cannot say that the court abused its discretion in making that decision. *See Berry*, 565 F.3d at 342–43.

Even if Herron correctly characterizes this as an effective double punishment, that turns out to be a dead end. The crux of Herron's argument is that changing views on our dual system of criminal justice cast doubt on the reasonableness of a sentence that punishes defendants twice. He compares his case to the then-pending case before the Supreme Court, *Gamble v. United States*, which challenged the constitutionality of state and federal governments prosecuting defendants for the same crime. But the Court resolved *Gamble* against Herron's interest. *See Gamble v. United States*, No. 17-646, 2019 WL 2493923, at *2 (S. Ct. June 17, 2019). It reaffirmed the longstanding doctrine of separate sovereigns, hollowing out Herron's argument that his consecutive sentence is unreasonable in light of the changing law. *Id.*

District courts are within their discretion to impose consecutive sentences for supervised-release violations so long as the court provides a reasonable explanation. *See Berry*, 565 F.3d at 342–43. Our job is not to second-guess reasonable sentencing decisions made by a district court. And we decline to do so here.

We affirm.